UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION



FILED

APR 1 0 2013

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO.

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. |
| CHARLES RUSSELL WILLIAMS, | ) |
| Defendant. | ) |

4:13CR 00137 HEA

## INDICTMENT

## COUNT 1

(Wire Fraud)

The Grand Jury charges that:

A. **Introduction**

1.    Between February 3, 1983 through April 29, 1996, defendant was registered with the Securities and Exchange Commission as an investment adviser.

2.    C.R. Williams, Incorporated, hereinafter referred to as "C.R.W.," is a Missouri corporation located in St. Louis, Missouri, and  registered with the Securities and Exchange Commission as an investment adviser on November 27, 1995.

3.    Defendant has been the majority shareholder, Chief Executive Officer, and President of C.R.W.

4.    At sometime in 2000, defendant established C.R. Williams Investment Fund, LLC and C.R. Williams Tax Advantaged Investment Fund, LLC with the express promise that the funds would be invested in stocks and bonds, and held for the benefit of the investors.

5.   From November 2004 until January 2006, C.R.W. had assets under management that exceeded $25,000,000.00.

6.   Between January 2006 and September 25, 2007, C.R.W. had assets under management less than $25,000,000.00.

7.   On September 26, 2007, C.R.W. managed approximately $11,000,000.00 for 11 clients.

8.   On March 6, 2008, the Securities and Exchange Commission barred defendant from association with an investment adviser and revoked the investment adviser registration of C.R.W.

9.   Defendant and C.R.W. continued to accept investments into C.R. Williams Investment Fund, LLC and C.R. Williams Tax Advantaged Investment Fund, LLC until 2012.

B.   **The Scheme to Defraud**

10.   Beginning on or about November 1, 2007, and continuing through on or about January 31, 2013, in the Eastern District of Missouri,

**CHARLES RUSSELL WILLIAMS,**

hereinafter referred to as defendant devised, and intended to devise, a scheme and artifice to defraud financial investors by means of materially false and fraudulent pretenses, representations and promises that the funds they had provided to him were maintained in C.R. Williams Investment Fund, LLC and C.R. Williams Tax Advantaged Investment Fund, LLC, well knowing that such pretenses, representations and promises would be and were false and fraudulent when made.

2

11.    It was part of the scheme and artifice to defraud that:

a.    Without the authorization of investors, defendant made approximately 61 electronic transfers from the UMB Bank investment account opened in the name of "C.R. Williams Investment Fund, LLC" which totaled approximately $228,543.33 into his business checking account held at UMB Bank.

b.    Without the authorization of investors, defendant made approximately 116 electronic transfers from the UMB Bank investment account opened in the name of "C.R. Williams Tax Advantaged Investment Fund, LLC" which totaled approximately 504,601.33 into his business checking account held at UMB Bank.

c.    Defendant utilized his UMB Bank business checking account to pay business and personal expenses which included his office rental and vehicle payments as well as drafting checks which he made payable to himself.

d.    Defendant cashed some of the checks drawn on his UMB Bank business checking account and deposited other checks drawn on his UMB Bank business checking account into personal accounts held at Heartland Bank.

e.    From the Heartland Bank account, defendant paid personal expenses including mortgage payments for his residence.

f.    Defendant electronically transferred $11,800.46 from the C.R. Williams Investment account and $54,400.00 from the C.R. Williams Tax Advantage Fund account in the custody and control of the UMB Bank into a brokerage account held by The Interstate Group, a brokerage firm division of Morgan Keegan Company, Inc. which resulted in a zero balance for the C.R. Williams Investment account and the C.R. Williams Tax Advantage Fund account.

3

g.      Defendant closed the C.R. Williams Investment and C.R. Williams Tax Advantage Fund accounts held at the UMB Bank.

h.      Defendant fraudulently prepared portfolio valuations for C.R. Williams Investment account and the C.R. Williams Tax Advantage Fund account asserting that the accounts had market values of $534,862.86 and $734,060.19, respectively.

i.      Defendant mailed letters containing the fraudulently prepared portfolio valuations to investors advising them that their funds were invested in stocks and bonds held within the C.R. Williams Investment account and the C.R. Williams Tax Advantage Fund account.

C.   **The Wire Transaction**

12.    On or about July 15, 2010, in the Eastern District of Missouri,

**CHARLES RUSSELL WILLIAMS,**

the Defendant, for the purpose of executing the above-described scheme to defraud, did knowingly cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, signals, pictures, and sounds, namely an electronic wire transmission of funds in the approximate amount of $18,500.00 from the C.R. Williams Investment account held at UMB Bank to the business checking account of defendant Charles Russell Williams, II held at UMB Bank.

In violation of Title 18, United States Code, Section 1343.

4

## COUNT 2

(Mail Fraud)

The Grand Jury further charges that:

The Grand Jury realleges the facts set forth in paragraphs A and B of Count 1.

C. **The Mailing**

12. On or about June 4, 2008, in the Eastern District of Missouri,

**CHARLES RUSSELL WILLIAMS,**

the Defendant herein, for the purpose of executing the foregoing scheme and artifice to defraud

and attempting to do so, did knowingly cause to be deposited a letter containing a fraudulently

prepared portfolio valuation which was sent and delivered by the United States Postal Service

and a private and commercial interstate carrier from CRWilliams, 12977 North Forty Drive,

Suite 301, Saint Louis, Missouri 63141.

In violation of Title 18, United States Code, Section 1341.


## COUNT 3

The Grand Jury further charges that:

The Grand Jury realleges the facts set forth in paragraphs A and B of Count 1.

C. **The Mailing**

12. On or about September 19, 2012, in the Eastern District of Missouri,

**CHARLES RUSSELL WILLIAMS,**

the Defendant herein, for the purpose of executing the foregoing scheme and artifice to defraud

and attempting to do so, did knowingly cause to be deposited a letter containing a fraudulently

5

prepared portfolio valuation which was sent and delivered by the United States Postal Service and a private and commercial interstate carrier from CRWilliams, Suite 306, 10411 Clayton Road, Saint Louis, Missouri 63131.

In violation of Title 18, United States Code, Section 1341.


## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1341 and 1343 as set forth in Counts 1 through 3, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to said offense.

a.     Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

2.     Specific property subject to forfeiture includes, but is not limited to, the following:

a.     $46,334.58 in Funds held in account #33280686 by the Interstate Group, a brokerage firm division of Morgan Keegan & Company, Inc., which merged with Raymond James.  These funds were held for the benefit of Village Partners, LP.  The General Partner of Village Partners, LP is C.R. Williams .

3.     If any of the property described above, as a result of any act or omission of the defendant:

6

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided

without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL.


_____

FOREPERSON


RICHARD G. CALLAHAN
United States Attorney


_____

TRACY LYNN BERRY - 014753 TN
Assistant United States Attorney

7